**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO SIQUINA-CACATZUN, a.k.a. Jose Siquina Cacatzun, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71372 <br><br> Agency No. A073-120-738 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Pedro Siquina-Cacatzun, a native and citizen of Guatemala, petitions pro se

for review of a Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that Siquina-Cacatzun's experiences with guerrillas in Guatemala did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (record did not compel finding of past persecution where petitioner was harassed, but "never suffered any significant physical violence."). The record does not compel the finding that Siquina-Cacatzun established his fear of future harm by guerrillas was on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992). In addition, substantial evidence supports the agency's determination that his fear of crime in Guatemala is not a basis for relief. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Consequently, Siquina-Cacatzun's asylum claim fails.

Because Siquina-Cacatzun failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

12-71372

Finally, substantial evidence supports the agency's denial of CAT protection because Siquina-Cacatzun failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Guatemala. *See Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**